

*Ke*

*293*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ORIGINAL**

LARRY M. YOUNG

     Plaintiff,

v.

GREEN OAK TOWNSHIP, a
Michigan Municipal Corporation,

     Defendants.

*Exh.*
~~Att.~~ *A - Q*
Civ. No. 02-CV-71891DT
Hon. Denise Page Hood
Magistrate Komives

_____/

**PETER J. OSETEK (P29994)**
Osetek & Associates, P.C.
412 East Huron St.
Ann Arbor, MI  48104
(734) 769-4500

**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**
By:   **GREGORY ULRICH** (P 27732)
       **GREGORY A. ROBERTS** (P 33984)
Attorneys for **Defendants**
33900 Schoolcraft
Livonia, Michigan 48150
(734) 261-2400

_____/

**FILED**

OCT 2 8 2004

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

## NOTICE OF HEARING

    **PLEASE TAKE NOTICE** that Defendants' Motion for Summary Judgment will be

brought on for hearing before the Hon. Denise Page Hood at a date and time to be set by the

court or as soon thereafter as counsel may be heard.

              Respectfully submitted,
              **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**

              By:
                **GREGORY A. ROBERTS** (P33984)
                33900 Schoolcraft
                Livonia, Michigan 48150
                **Attorneys for Defendants**

Dated: October 28, 2004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY M. YOUNG

        Plaintiff,

v.

GREEN OAK TOWNSHIP, a
Michigan Municipal Corporation,

        Defendants.

_____/

Civ. No. 02-CV-7189 DT
Hon. Denise Page Hood
Magistrate Komives

**PETER J. OSETEK (P29994)**
Osetek & Associates, P.C.
412 East Huron St.
Ann Arbor, MI  48104
(734) 769-4500



**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**
By:   **GREGORY A. ROBERTS** (P 33984)
Attorneys for **Defendants**
33900 Schoolcraft
Livonia, Michigan 48150
(734) 261-2400

_____/

## DEFENDANT'S MOTION FOR SUMMARY DISPOSITION

**NOW COMES** Defendant, GREEN OAK TOWNSHIP, by and through its attorneys,

**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**, by **GREGORY A. ROBERTS**, and

for its Motion for Summary Disposition, state onto this Honorable Court as follows:

Pursuant to Federal Rule of Civil Procedure 56, and for the reasons stated in the attached

Brief in Support of Motion for Summary Disposition, Defendant GREEN OAK TOWNSHIP

hereby moves this Honorable Court for Summary Judgement.

**WHEREFORE,** Defendant prays that this Honorable Court grant its Motion for Summary

Disposition, dismiss this matter in its entirety and award to Defendant its costs and attorney fees

so wrongfully incurred.

Respectfully submitted,
**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**

By:

**GREGORY A. ROBERTS (P33984)**
33900 Schoolcraft
Livonia, Michigan 48150
**Attorneys for Defendant**

Dated: October 28, 2004

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY M. YOUNG

        Plaintiff,

v.

GREEN OAK TOWNSHIP, a
Michigan Municipal Corporation,

        Defendants.

Civ. No. 02-CV-7189 DT
Hon. Denise Page Hood
Magistrate Komives

**PETER J. OSETEK (P29994)**
Osetek & Associates, P.C.
412 East Huron St.
Ann Arbor, MI 48104
(734) 769-4500

**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**
By:   **GREGORY ULRICH** (P 27732)
      **GREGORY A. ROBERTS** (P 33984)
Attorneys for **Defendants**
33900 Schoolcraft
Livonia, Michigan 48150
(734) 261-2400

**FILED**

OCT 2 8 2004

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

CONCISE STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF MATERIAL FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT

       I.      STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      II.     PLAINTIFF'S CLAIMS ARE BARRED BY THE
              DOCTRINE OF RES JUDICATA. . . . . . . . . . . . . . . . . . . . . 6

              A.     PRIOR ACTIONS WERE DECIDED ON
                     THEIR MERITS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

              B.     THE 1998 COURT OF APPEALS DECISION AND
                     PLAINTIFF'S ADA CLAIMS. . . . . . . . . . . . . . . . . . . 8

              C.     PLAINTIFF IS NOT A CERTIFIED POLICE
                     OFFICER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

     III.    PLAINTIFF HAS FAILED TO EXHAUST ADMINISTRATIVE
              AND CONTRACTUAL REMEDIES. . . . . . . . . . . . . . . . . . . 13

     IV.    PLAINTIFF HAS NOT STATED A VIABLE CAUSE OF
              ACTION AGAINST HIS EMPLOYER FOR A VIOLATION
              UNDER THE VETERANS PREFERENCE ACT. . . . . . . . . . . 13

     V.     PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER
              THE WHISTLEBLOWER PROTECTION ACT. . . . . . . . . . . 18

RELIEF REQUESTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Apx 1

PROOF OF SERVICE

i

## INDEX OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*Adkerson v. MK-Ferguson Co.,* 191 Mich. App. 129,
140-141; 477 N.W.2d 465 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Barden v. City of Detroit,* 2000 U.S. Dist. LEXIS 6757,
(Hood, J.) (Case No. 99-CV-71899-DT, Unpublished decision,
(E.D. Mich., March 31, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Carr v. General Motors Corp.,* 425 Mich. 313, 320-323,
389 N.W.2d 686 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gose v. Monroe Auto Equipment,* 409 Mich. 147; 294
N.W. 2d 165 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Graham v. Connor,* 490 U.S. 386, 393-394, 109 S. Ct. 1865,
104 L. Ed. 2d 443 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Jackson v. Detroit Police Chief,* 201 Mich. App. 173, 176,
506 N.W. 2d 251 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Kaufman v. Seidman,* 787 F. Supp. 125, 130 (W.D. Mich. 1992) . . . . . . . . . . . . . . . . . 6

*Keoster v. Novi,* 213 Mich. App. 653, 661-662; 540 N.W.2d
765 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Kleo v. Dynamic Training Corp.,* 192 Mich. App. 39, 42,
480 N.W. 2d 596 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Meyers v. City of Oakdale,* 409 N.W. 2d 848, 853
16(Minn. Sup. Ct., 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Russo v. City of Cincinnati,* 953 F. 2d 1036 (6th Cir., 1992) . . . . . . . . . . . . . . . . . . . 13

*Sherrod v. Detroit,* 244 Mich. App. 516, 523, 625
N.W. 2d 437 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Socialist Workers Party v. Secretary of State,* 412 Mich.
571, 583-584; 317 N.W. 2d 1 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Smith, Hinchman & Grylls, Association Inc. v. Tassic,*
990 F.2d 256, 257 (6th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Swantush v. Detroit,* 257 Mich. 389, 392; 241 N.W. 265 (1932) . . . . . . . . . . . . . . . . . . 15

*Tryc v Michigan Veterans' Facility,* 451 Mich. 129,
135-136; 545 N.W.2d 642 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Walking v. Smith,* 276 Mich. 193; 267 N.W. 616 (1936) . . . . . . . . . . . . . . . . . . . . . . . . 18

*Western Michigan Univ Bd of Control v Michigan,*
455 Mich. 531, 539; 565 N.W.2d 828 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Wilton E. Heyliger v. State University and Community College
System of Tennessee,* et., al., 126 F.3d 849 (6th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . 7

## CONCISE STATEMENT OF ISSUES PRESENTED

I.    WHETHER PLAINTIFF'S CLAIMS ARE BARRED BY
      THE DOCTRINE OF RES JUDICATA?

II.   WHETHER PLAINTIFF HAS FAILED TO EXHAUST
      ADMINISTRATIVE AND CONTRACTUAL REMEDIES?

III.  WHETHER PLAINTIFF HAS STATED A VIABLE CAUSE
      OF ACTION AGAINST HIS EMPLOYER FOR A
      VIOLATION UNDER THE VETERANS PREFERENCE ACT?

IV.   WHETHER PLAINTIFF HAS FAILED TO STATE A
      CLAIM UNDER THE WHISTLEBLOWER PROTECTION ACT?

## STATEMENT OF FACTS

This action involves numerous but substantively identical claims made in successive lawsuits over the last decade. For that reason the details and sequence of events is both important and confusing. Green Oak has attached a Schedule of Proceedings as Exhibit A to assist this process.

Plaintiff, Larry Young was a full time certified police officer for Defendant Township from approximately June of 1981 until August 26, 1992. On the latter date, Mr. Young suffered a back injury during a training exercise. This injury was diagnosed as a herniated and/or bulging disc and it led to Plaintiff being disabled from his work as a police officer.

In 1993 Mr. Young began to collect workers' compensation benefits. The wage and medical benefits were paid continuously until approximately October 2001. These benefits were provided by the Township's insuror. In approximately 1995, that insuror challenged Plaintiff's right to continue receiving benefits based on his medical status asserting he was no longer disabled as a result of the work injury. Mr. Young successfully opposed the cessation of benefits by presenting supporting medical information on his continuing medical/back problems. From the date of that determination, benefits continued until Fall of 2001. In spring of 2001, Plaintiff was informed that the Accident Insurance Provider was going to challenge the continuation of benefits. The Plaintiff opposed the cessation of benefits. A series of hearings were held on August 23, 2001; September 4, 2001; and October 2, 2001 on Plaintiff's benefits. The decision of that Board was to cease benefits and it is attached as Exhibit B. The decision specifically notes Mr. Young presented evidence of a continuing medical disability supported by his long time personal orthopedic doctor, Jon M. Wardner.

Essentially, the board concluded Mr. Young still has a back condition but that it had

1

evolved into a degenerative condition related to age but no longer related to the 1992 injury.

When Mr. Young became aware his benefits were being challenged, he sent Green Oak Township a letter dated May 2, 2001 requesting a return to work as an officer in a restricted capacity, noting weapon, lifting, weight and movement restrictions. See Exhibit C. As this court will see, Mr. Young always takes preemptive action he believes will support future litigation. Just before the Compensation Board hearings, Plaintiff filed his second EEOC claim alleging he was disabled with medical restrictions, raising his May 2, 2001 letter to the Defendant Township and asserting discrimination under the Americans with Disabilities Act. The EEOC conducted an investigation. In its form response, the EEOC was "unable to conclude that the information obtained established violations of the statutes." However, they also issued the 90 day right to sue notice on February 11, 2002. This led to the suit that eventually led to the instant action against Green Oak Township.

The Township had Mr. Young on a work related disability during the period he was on workers' compensation. Those benefits ceased in October, 2001 (Plaintiff declined an offer by the insurer to redeem his compensation action before the decision was rendered). Plaintiff then filed suit in the United States District Court within 90 days of his right to suit letter. (On May 13, 2002). He alleged violations of the American with Disabilities Act, the Persons with Disabilities Civil Rights Act, the Elliott Larsen Civil Rights Act, the Due Process Clause of the Fifth Amendment to the United States Constitution and the common law of Michigan.

Plaintiff never served this complaint on Green Oak Township at any time and its existence was unknown to the Township until February of 2003.

On June 4, 2002, the Township gave notice to Mr. Young that pursuant to the Veterans Preference Act, MCL 35.402 et seq., a hearing would be held to consider Plaintiff's termination

"on the basis that you are unable to perform the essential functions of a Green Oak Township police officer with or without an accommodation." See Exhibit D.

On June 7, 2002, Mr. Young again wrote the Township "renewing" his "accommodations" and requesting a specific job as a "follow-up investigator" as the accommodation "for my partial disability". See Exhibit E. It will be discussed below but in short, not only does no such position exist, but Plaintiff's earlier ELCRA and MHCRA disability act claims brought as "Larry Young v. Green Oak Township", as 95-14387, litigated this same accommodation/investigator job issue and Plaintiff was summarily dismissed. Then Plaintiff lost the appeal on this issue.

The Veterans Preference Act hearings were held on July 31 and August 14, 2002. The transcripts are attached as Exhibit F. Plaintiff was fully represented by counsel. After the hearing, Plaintiff got to submit a post hearing brief. Mr. Young did not testify at the two hearings. Mr. Young presented no evidence on any subject including medical information or his lapse of status as a certified police officer. The Township Board, after considering the hearings, evidence and brief, issued its opinion on January 8, 2003 terminating Plaintiff's status as an employee. See Exhibit G.

On January 7, 2003, Plaintiff received his second show cause order from this court on the issue of failure to prosecute. On February 19, 2003, Plaintiff filed an amended complaint and on February 20, 2003 answered the second show cause order. The amended complaint was served on Defendant Township on or about February 19, 2003. The amended complaint (the instant action) stated additional causes of action not included in the complaint filed on May 13, 2002 including alleged "42 U.S.C. §1983 Procedural Due Process" claims (Count IV); "42 U.S.C. §1983 Retaliatory Discharge" (Count V); "Michigan Whistleblowers Protection". These claims either have been litigated years ago or have no basis in fact or law. All of these allegations arise

3

out of the same chain of events which resulted in plaintiff being placed on Workers Compensation, his serial litigation history, and the circumstances of his termination from employment with the Green Oak Township.

Other than the Veterans Preference contention, all the facts presented by Plaintiff have been heard by this Honorable Court, as well as Michigan State Courts three times before. The most recent in the United States District Court case was filed on July 13, 1999. Plaintiff stated a three count complaint against Green Oak Township, his employer and against its Chief of Police, Robert Brookins, alleging a violation of 42 U.S.C. §1983 and for violation of his First Amendment rights which resulted in his termination from employment because of the exercise of his free speech rights pursuant to the First Amendment to the U. S. Constitution. Plaintiff also alleged a violation of the rules and regulation of the law enforcement administration act (Count II) and hostile work environment (Court III). See Exhibit H. On January 28, 2000, this Honorable Court dismissed the action with prejudice pursuant to a stipulation for dismissal.

The most significant prior litigation was filed on July 3, 1995, in Livingston County Circuit Court against Green Oak Township alleging causes of action for failure to promote in violation of the Elliott-Larsen Civil Rights Act, MCLA 37.2102 et. seq. (hereinafter "ELCRA") and the Michigan Handicapper's Civil Rights Act, MCLA 37.1101 et. seq. (hereinafter "MHCRA") (Count I); ELCRA retaliation (Count II); retaliation for filing a workers compensation claim (Count III); and discrimination based on Plaintiff's age and his disability in violation of the ELCRA and MHCRA respectively (Count IV) (hereinafter 1995 complaint). See Exhibit I. In Count IV of Plaintiff's 1995 complaint, Plaintiff pled a cause of action for constructive discharge based on his age and disability. The disability issue is legally identical to Plaintiff's present Americans with Disabilities Act claims.

4

The trial court granted Defendant;s Motion for Summary Disposition as to Counts I and IV on July 19, 1996, including Plaintiff's claims for constructive discharge. See Exhibit J. A final order was entered in this matter on September 2, 1996, dismissing with prejudice Counts I and IV relating to Plaintiff's age discrimination claims. See Exhibit K. Both parties entered into a contingent settlement agreement which further indicated that Plaintiff's age discrimination claim as contained in Counts I and IV was dismissed with prejudice. Pursuant to the contingent settlement agreement, Plaintiff agreed not to appeal the portion of the Court's order involving the age discrimination claim.

Under the terms of the contingent settlement agreement, Plaintiff was allowed to appeal as a matter of right the trial court's dismissal of the remaining portions of Counts I and IV of Plaintiff's complaint which related to his claims under the MHCRA. Plaintiff appealed the trial court's dismissal of Counts I and IV of his complaint relating to claims under the MHCRA. On March 13, 1998, the Michigan Court of Appeals affirmed the trial court's dismissal of Plaintiff's handicap claims under the MHCRA. See Exhibit L. This opinion addresses virtually all of the claims he wants to re-litigate in the instant case.

On June 5, 1998, Plaintiff filed a second cause of action in the Livingston County Circuit Court against Defendant Green Oak Township and its Police Chief, Robert Brookins (hereinafter "second complaint"). Plaintiff's second complaint alleged a cause of action for breach of contract (Count I); failure to accommodate in violation of the ELCRA and MHCRA (Count II); handicap discrimination in violation of the ELCRA and MHCRA (Count III); intentional infliction of emotional distress/continual harassment (Count IV); hostile work environment (Count V); and conspiracy to deprive civil rights (Count VI). See Exhibit M. As a first responsive pleading, Defendants filed a Motion for Accelerated Judgment/Summary Disposition. This motion was

heard and granted on September 17, 1998, and on November 6, 1998, in the form of an Order of Dismissal dismissing the causes of action as alleged in the second complaint with prejudice and without costs to any party was entered by the Court. See Exhibit N.

Plaintiff filed a Claim of Appeal as to the dismissal of the causes of action in his second complaint. On August 9, 1999, the Michigan Court of Appeals dismissed that appeal for want of prosecution on the basis that Plaintiff has failed to timely file his Brief on Appeal.. Exhibit A lists all the additional proceedings the Plaintiff's quest has required. Ironically, Mr. Young asserts he was not granted due process. Further facts will be set forth in the body of this brief.

## LEGAL ARGUMENT

### I. STANDARD OF REVIEW.

Defendant Green Oak Township relies on the Court's inherent understanding of the procedure and law related to rulings on motions for summary judgment.

### II. PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA.

The preservation of judicial resources and finality are primary purposes of the doctrine of res judicata. *Kaufman v. Seidman,* 787 F. Supp. 125, 130 (W.D. Mich. 1992). These goals are squandered if a plaintiff is allowed more than one opportunity to sue over the same issues, once in state court, and then again in federal court. *Kaufman,* 787 F. Supp. at 130. "Defendants' interest in repose militates against the success of litigation." Id. Similarly, the cost to both the court and the parties is not warranted if the issues raised in the second lawsuit have already been decided.

A federal court must give the same effect to a state court judgment as it would be given

6

under the law of one state where the judgment is entered. *Smith, Hinchman & Grylls, Association Inc. v. Tassic,* 990 F.2d 256, 257 (6th Cir. 1993). (See also *Wilton E. Heyliger v. State University and Community College System of Tennessee,* et., al., 126 F.3d 849 (6th Cir. 1997)).

Under Michigan Law, there are three prerequisites to the application of a doctrine of res judicata (*Smith,* 990, F.2d at 257-258);

      (1)    The prior action myst have been decided on its merit;

      (2)    The issues raised in the second case either were resolved in the first case or, through the exercise of reasonable diligence, might have been resolved in the first case; and

      (3)    Both actions involve the same party or their privies. (See also *Socialist Workers Party v. Secretary of State,* 412 Mich. 571, 583-584; 317 N.W. 2d 1 (1982)).

When the doctrine of res judicata applies, dismissal of plaintiff's action is appropriate. See *Gose v. Monroe Auto Equipment,* 409 Mich. 147; 294 N.W. 2d 165 (1980).

## A.    PRIOR ACTIONS WERE DECIDED ON THEIR MERITS.

In the present case, there is no genuine issue of material fact. As such, Plaintiff's current complaint fulfills the requirements for the application of the doctrine of res judicata. As set forth previously, Defendant relies upon the original, second and third complaints filed by Plaintiff against Defendant. There is no genuine issue of material fact because Plaintiff's first complaint, which involved the same facts as the case at bar, was decided on its merits. Furthermore, Plaintiff's second lawsuit was dismissed on the basis of collateral estoppel/res judicata. See Exhibit N. In addition, Plaintiff's third cause of action against Defendant, also involving the same facts as the case at bar, were effectively disposed of by Judge Feikens of this Honorable Court

via an order of dismissal on January 28, 2000.

The Livingston County trial court granted Defendants' Motion for Summary Disposition as to Counts I and IV of the Plaintiff's first action on July 19, 1996, dismissing the allegations contained in Counts I and IV, including Plaintiff's allegations of constructive discharge. See Exhibit J. A final order was entered on September 3, 1996, dismissing with prejudice Counts I and IV relating to Plaintiff's age discrimination claims. See Exhibit K. Both parties entered into a contingent settlement agreement which further indicated that Plaintiff's age discrimination claim as contained in Counts I and IV was dismissed with prejudice. Pursuant to the contingent settlement agreement, Plaintiff agreed not to appeal the portion of the Court's Order involving the age discrimination claim. See Exhibit K.

As earlier stated, Plaintiff was allowed to appeal as a matter of right the trial court's dismissal of the remaining portions of Counts I and IV of Plaintiff's Complaint which related to his accommodation/handicap discrimination claims under the MHCRA. Since the first complaint, Plaintiff has asserted **no new facts** relating to his employment with defendant in his three subsequent causes of action. The allegations contained in Plaintiff's second complaint resulted in summary disposition on all counts in favor of Defendants on the basis of res judicata/collateral estoppel. The allegations contained in Plaintiff's third complaint (USDC) resulted in an order of dismissal pursuant to a stipulated order of dismissal by the parties.

Since all prior issues were decided on their merits, the first prerequisite to the application of the doctrine of res judicata or claim preclusion is clearly met.

## B. THE 1998 COURT OF APPEALS DECISION AND PLAINTIFF'S ADA CLAIMS.

Some discussions of the decision of the State Court of Appeals is warranted because it succinctly addresses Plaintiff's accommodation claims he brings in the instant action and even

8

involved the same job and duties. It is Plaintiff's assertion he can be a

"follow-up investigator" with restrictions. In Plaintiff's original suit, he sought the same duties

with the same restrictions. There was no such job and the investigation duties were and are part

of the staff sergeant position. The same officer still holds that job as he did in the original suit.

In specifically addressing Mr. Young's allegations regarding accommodation, light duty and the

Township's legitimate interests, the Court stated:

> Plaintiff has admitted that he has been adjudicated permanently,
> partially disabled due to his injury, and cannot perform all of the
> normal duties of a full-time patrol officer. Plaintiff testified at
> deposition that, if he returned to work as a patrol officer, he would
> have a medical restriction against "physical interruptions, physical
> restraints, physical encounters, violent physical encounters."
> Furthermore, plaintiff's treating physician stated that plaintiff
> should not be involved in the apprehension or handling of any
> uncooperative, potentially violent individuals. Although plaintiff
> admitted that he cannot perform all of the duties of a patrol officer,
> plaintiff maintains that his handicap is unrelated to his ability to
> perform the basic duties of a sergeant-investigator... Id at p. 3.

The court found that event the investigator position had inherent physical demand and risks. The

court concluded:

> There is no question that a disability that is related to one's ability
> to perform the duties of a particular position is not a "handicap"
> within the meaning of the MHCRA. *Carr v. General Motors
> Corp.,* 425 Mich. 313, 320-323, 389 N.W.2d 686 (1986); *Keoster
> v. Novi,* 213 Mich. App. 653, 661-662; 540 N.W.2d 765 (1995).
> Whether a handicap is related to an individual's ability to do the
> job should not be determined solely by reference to the employer's
> definition of the job or the qualifications for the job. *Adkerson v.
> MK-Ferguson Co.,* 191 Mich. App. 129, 140-141; 477 N.W.2d 465
> (1991). Not only did the job description include road patrol as once
> of the duties of a sergeant, but Sgt. Walter testified that he was
> frequently on road patrol and had been involved in at least two
> recent situations requiring the use of physical force. **Defendant has
> a strong interest in providing the community that it serves with
> road patrol officers who are capable of apprehending criminals
> and handing emergency situations.** Those tasks can necessarily
> require the swift use of physical force. Therefore, because plaintiff

> failed to carry his burden of showing that there is a genuine issue of material fact regarding whether his injury was related to his ability to do the job of a sergeant, summary disposition was appropriate. Id at p. 3. (Emphasis added).

As to Plaintiff's request to limit his duties as an accommodation, the Court found as follows:

> Plaintiff argues in the alternative that he could perform the duties of sergeant if the department provided him with certain accommodations pursuant to the MHCRA, MCL 37.1102(2); MSA 3.550(102)(2). In other words, plaintiff claims that with reasonable accommodation from the department, his physical condition would become unrelated to his ability to perform the duties of that position. MCL 37.1102(2); MCA 3.550(102)(2) provides:
>
> > Except as otherwise provided in article 2, a person shall accommodate a handicapper for purposes of employment, public accommodation, public service, education, or housing unless the person demonstrates that the accommodation would impose an undue hardship.

The court continued:

> In the present case, plaintiff's request for a permanent light duty assignment is not a reasonable accommodation because it would impose an undue hardship on defendant. Both the positions of patrol officer and sergeant-investigator require plaintiff to have the ability to apprehend criminals by use of physical force. To permit plaintiff to hold one of these position without this ability would undermine the effectiveness of the police force. Therefore, plaintiff's argument has no merit. Id at p. 3,4.

Plaintiff's claims in the instant action are identical to those that led to the above cited opinion. In his most recent deposition, Mr. Young states that the follow-up investigator job he references in his June 7, 2002 letter, is the same one from the early 1990s that was the subject of the above cited case. See Exhibit E, Young pg. 104. Mr Young also admits he has not seen any new doctors for his back since the compensation board hearings in 2001. Young pg. 42. The back condition that has disabled Plaintiff since 1992, still exists and he requires the same

10

restrictions. No "follow-up investigator" job exists nor does the Township have to create one. The ADA and MHCRA have the same core premises. Neither was violated because Plaintiff is unable to perform the police officer job duties with or without an accommodation.

The function of police officer duties are not merely a Township wish list. They are the subject of clear job elements applicable here and now. Exhibit O is the Michigan Commission on Law Enforcement Standards Essential Job Functions list. Mr. Young tried to evade his inability to comply with these fundamental standards. These documented standards were evidence at the VPA hearings. Plaintiff simply cannot meet them. Notably, Mr. Young has no new medical evidence since 1991 to suggest he can do the entire list of duties. He must be estopped from asserting his layman's view which controverts a decade of facts and sworn testimony given to the Compensation Board in 2001. In short the Plaintiff can't:

1.    Affect an arrest, forcibly if necessary, using handcuffs and other restraints.

2.    Climb over obstacles; climb through openings; jump down from elevated surfaces; jump over obstacles, ditches and streams; and crawl in confined areas to pursue, search, investigate and/or rescue.

3.    Load, aim and fire handguns, shotguns and other agency-specific firearms from a variety of body positions in situations that justify the use of deadly force while maintaining emotional control under extreme stress.

4.    Enter and exit vehicles quickly to perform rescue operations, pursue a suspect or answer an emergency call.

5.    Perform tasks which require lifting, carrying or dragging people or heavy objects while performing arrest, rescue, or general patrol functions.

6.    Pursue fleeing suspects on foot both day and night in unfamiliar terrain.

7.    Subdue resisting subjects using hands and feet while

11

employing defensive tactics, maneuvers or approved non-lethal weapons.

8.      Use body force to gain entrance through barriers to search, seize, investigate and/or rescue.

Since Mr. Young cannot perform the essential job functions of a police officer, with an accommodation, he is not a disable individual under the ADA,. the MHCRA or any other definition and his case must be dismissed.


## C.      PLAINTIFF IS NOT A CERTIFIED POLICE OFFICER.

The Michigan Commission on Law Enforcement Standards (MCOLES) is the certifying entity for Michigan Police Officers. It is not an agent of any municipality. Its rules require continuous active service which is not satified by being out on a worker's compensation disability. Earlier communication with MCOLES predecessor resulted in a letter asserting Plaintiff's status as a certified officer lapsed on or about 12/14/94. See Exhibit Q. Plaintiff never worked as a police officer since that time. This letter was also admitted at the Veterans Preference Hearing. Even if December of 1994 was premature, Plaintiff's status still lapsed years ago in the 1990s.

Plaintiff contends that date is wrong. He also contends he was "suspended" but admits no document or other evidence which mentions suspension. He then asserts he is "certifiable" or that his status has not lapsed based on his own reading of the statutes pertaining to police officer certification. (Young p. 27-29   ). One of the simpler reasons Plaintiff was terminated is because he is not a certified officer and has never begun the process to recertify himself and pass the MCOLES physical and psychological tests. Plaintiff simply ignores this status and be continues to do so to date. (Young at p. 27-29).

### III. PLAINTIFF HAS FAILED TO EXHAUST ADMINISTRATIVE AND CONTRACTUAL REMEDIES.

When Plaintiff was terminated in January of 2003, he filed a union grievance. As a post officer of his union, he concedes he is familiar with the entire grievance process. Exhibit P. is the Union and Grievance correspondence. When asked in September, 2004, what happened to his grievance, Plaintiff maintains he has made no inquiry or any effort to further the grievance. (Young pg. 66), This is one more failure on Young's part to exhaust any administrative remedy. This may be because he realizes he has no valid grievance. Green Oak Township has had labor actions on at least two union grievances seeking to force the Township to create light duty positions that have been arbitrated in favor of the Township Plaintiff simply let his grievance lapse.

### IV. PLAINTIFF HAS NOT STATED A VIABLE CAUSE OF ACTION AGAINST HIS EMPLOYER FOR A VIOLATION UNDER THE VETERANS PREFERENCE ACT.

In Counts III and IV of his Amended Complaint, Plaintiff alleges causes of action pursuant to 42 U.S.C. §1983 related to alleged deficiencies in the hearing afforded to him under the Michigan Veterans' Preference Act, M.C.L.A., 35.402 et seq. (VPA). To successfully assert a §1983 claim, a plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under the color of state law. *Barden v. City of Detroit*, 2000 U.S. Dist. LEXIS 6757, (Hood, J.) (Case No. 99-CV-71899-DT, Unpublished decision, E.D. Mich., March 31, 2000), citing *Russo v. City of Cincinnati*, 953 F. 2d 1036 (6th Cir., 1992).

As §1983 is not itself a source of substantive rights, and is only a method of vindicating

federal rights elsewhere conferred, a plaintiff must set forth specific constitutional grounds for asserting a §1983 claim. *Barden*, supra, citing *Graham v. Connor*, 490 U.S. 386, 393-394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). To the extent that Plaintiff in the instant matter may be claiming a §1983 claim due to perceived violations of the VPA, as this Court pointed out in *Barden*, supra, any claim as to the perceived violations of the VPA is a state law claim and could not properly be before this Court. To the extent that Plaintiff is alleging due process violations as to the hearing he received, the inadequacy of such a contention is discussed below.

The Veterans' Preference Act, M.C.L.A., 35.402 et seq. (VPA), entitles a veteran to notice and a hearing before his public employer can take any action against him with respect to his employment. *Sherrod v. Detroit*, 244 Mich. App. 516, 523, 625 N.W. 2d 437 (2001), citing *Jackson v. Detroit Police Chief*, 201 Mich. App. 173, 176, 506 N.W. 2d 251 (1993). The VPA provides, in pertinent part, as follows:

> No veteran . . .holding employment . . . in any public department. . . of . . .any. . .township. . . .shall be removed. . . .from such . . . employment except for . . . incompetency; and such veteran shall not be removed . . . for any cause above enumerated from . . .employment, except after a full hearing . . . before the township board if a township employee, and at such hearing the veteran shall have the right to be present and be represented by counsel and defend himself against such charges: Provided further, That as a condition precedent to the removal. . . of such veteran, he shall be entitled to a notice in writing stating the cause or causes of removal. . . at least 15 days prior to the hearing above provided for; and such removal . . . shall be made only upon written order . . . of the township board. . . . MCLA 35.402.

What process is due in a particular situation depends upon the nature of the proceeding and the interest affected by it. *Klco v. Dynamic Training Corp.*, 192 Mich. App. 39, 42, 480 N.W. 2d 596 (1991). In the instant matter, Plaintiff complains that he was denied procedural due process as to the veterans' preference hearing. He really means that he disagreed with the result. Green Oak Township fully complied with the procedural requirements of the VPA. The

incontrovertible evidence establishes that the Township informed the Plaintiff in writing on June 4, 2002, that a hearing under the VPA regarding his employment was to be scheduled. (Exhibit D: Letter). The issues of removal were stated in the letter. Hearings were held on July 31, 2002 and August 14, 2002, giving Plaintiff more than the 15 days' notice as required under the Act. (See Complaint, ¶72). Further, Plaintiff was allowed to and did have an attorney present and was provided the opportunity to present evidence on his behalf. Finally, hearing transcripts were prepared and provided to the parties, and the Plaintiff was given the opportunity to submit a post-hearing brief to the Township Board. (Plaintiff's Response to Order to Show Cause ¶3, filed 9/3/02).

Plaintiff's contention that a Veteran, in a position of public employment can only be terminated for cause is not found anywhere in the Veterans Preference Act nor is it found in any supporting case law. Indeed, Plaintiff has no supporting authority on which to base his argument. To the contrary, the Act makes very clear that a Veteran must possess "other requisite qualifications, which shall be at least equal to those of other applicants." *Swantush v. Detroit,* 257 Mich. 389, 392; 241 N.W. 265 (1932). The *Swantush* court further held:

> Clearly the act contemplates that either by examination or other appropriate methods the <u>qualifications of a veteran applicant to properly perform the duties of the position for which he applies</u> shall be determined. *Swantush v. Detroit,* 257 Mich. 389, 392; 241 N.W. 265 (1932). (Emphasis added).

This policy makes sense logically because it simply states that when applicants are on otherwise equal footing, a veteran shall get preference over a non veteran. The situation in the case at bar is different in that it isn't a hiring action, but the proposition an employee must be fit for duty is evident.

Plaintiff also contends in his Amended Complaint that under the provisions of the VPA,

he cannot be terminated due to his disability. However, the VPA expressly provides that a veteran may be removed for "incompetency". M.C.L.A. 35.402. While there are no cases in Michigan which discuss whether a physical inability to do a job can be construed as incompetency, Courts in other jurisdictions have discussed this issue. A physical inability to perform the job duties of a particular job has been held to be incompetence under Minnesota's Veteran's Preference Act, entitling the veteran to a hearing under that state's version of the Act. See *Meyers v. City of Oakdale*, 409 N.W. 2d 848, 853 (Minn. Sup. Ct., 1988). In *Meyers*, the plaintiff suffered a disabling back injury and was placed on an indefinite medical leave of absence. He petitioned for a writ of mandamus, asking that the city be compelled to provide him with a hearing under Minnesota's Veteran's Preference Act. The Court concluded that he was entitled to such a hearing under the act.

The *Meyers* Court first noted that one of the commonly used definitions of "incompetence" from Webster's Third International Dictionary stated: "the state of being incompetent: as *a*. lack of physical, intellectual or moral ability". *Meyers*, supra, at 852. Applying this common and ordinary definition of "incompetency", the *Meyers* Court concluded that the plaintiff was entitled to a hearing.

The Court also determined that, while the plaintiff was entitled to a hearing, the sole purpose of the hearing was not to second guess the medical opinion of the doctors, but to determine whether the employer acted reasonably in making the determination to place the plaintiff on an indefinite medical leave. The Court said:

> In making this determination, a hearing board is not to determine what, if any, physical restrictions should be placed on a veteran's activity—that is a medical determination. The proper role of the hearing board is to determine whether, in light of any restriction placed on the veteran's activity by examining and treating doctors, the employer acted reasonably. *Meyers*, supra, at 853.

16

Like the court in Minnesota, Courts in Michigan apply the common and ordinary meaning to words used in statutes.  See *Western Michigan Univ Bd of Control v Michigan,* 455 Mich. 531, 539; 565 N.W.2d 828 (1997); *Tryc v Michigan Veterans' Facility,* 451 Mich. 129, 135-136; 545 N.W.2d 642 (1996).

The Opinion of the Green Oak Township Board of Trustees makes clear they had utilized the term competency in its physical sense. The Board stated:

> "Presented testimony also made it amply clear that **physical competency** is a mandatory component of functioning as a certified police officer". (Exhibit G, pg. 2) (Emphasis added).

They concluded:

> "In the opinion of the Green Oak Township Board that based on testimony presented, Mr. Young is **physically incompetent to** return to full time police duties with the Township." (Exhibit G, pg. 3) (Emphasis added).

Plaintiff lays great weight in misconstruing testimony on competence that only addresses it in the context of intellectual, educational or moral competence. Plaintiff ignores the obvious physical elements of the job.

As pointed out by the *Meyers* Court, "a lack of physical ability" is an accepted definition of "incompetent", and the VPA expressly provides that a veteran may be removed for "incompetency".  The reasonableness of the Township's decision to terminate the Plaintiff on the basis of incompetence due to his physical inability to perform the duties of his job was properly the subject of a hearing under the VPA.  Plaintiff received the hearing he was entitled to under the VPA. He has not provided this Court with any violation of any Constitutional right. He can state no procedural basis to continue his 42 U.S.C. §1983 claims.

Here, it is uncontested that Plaintiff is not qualified for the full duties of a police officer. Plaintiff concedes this fact as he is alleging there are other, "lighter duties" he may be qualified

17

to perform. This concession defeats the entire purpose of the act and broadens its scope to an unconstitutional level. The Act does not provide that a position be created to accommodate a Veteran with a disability. In *Walking v. Smith,* 276 Mich. 193; 267 N.W. 616 (1936), the Michigan Supreme Court held "the veterans' act does not regulate terms of employment but relates to the status as established; **it creates nothing nor does it prolong public employment beyond public need."** *Walking,* **supra.** (Emphasis added).

Plaintiff has failed to establish any basis for his VPA claims under 42 U.S.C. §1983 grounds or any other theory. He merely wants this court to review the evidence at the VPA hearings and to overturn the findings of fact of the board members. This is not the role of a Court in review of an administrative adjudication. When the argument is phrased as was Plaintiff heard, did he have ample opportunity to present evidence, confront witnesses, and to testify? The answer is obvious. Plaintiff received complete due process. He brings this action only to try to circumvent his prior losing argument on his disability claims and his labor contract.

Plaintiff's allegations in Counts III and IV should be dismissed with prejudice as a matter of law.

## V. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE WHISTLEBLOWER PROTECTION ACT.

Other than appearing on a court case in 1993, Plaintiff has not worked as a full-time officer since his injury in August of 1992. His original action alleged whistleblower claims which were ultimately dismissed. Plaintiff has always had a theory that a large conspiracy was behind the Township's policy. Defendant Township is aware of no support to Plaintiff's proposition that he has acquired any new whistleblower status or that his termination is based on any thing other than the issues in the VPA hearing. Otherwise, Plaintiff's claims of whistleblowing date back to

18

alleged events occurring in the early 1990s. Res judicata, lack of evidence and the statute of limitations all combine to mean Plaintiff's "Whistleblower" action must be dismissed as a matter of law.

## RELIEF REQUESTED

WHEREFORE, Defendant GREEN OAK TOWNSHIP respectfully requests this Honorable Court grant its motion for summary judgment pursuant to Fed. R. Civ. P. 56(c), together with costs and attorney fees so wrongfully sustained in defending this matter.

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

By: _____
Gregory A. Roberts (P 33984)
Attorney for Defendant
33900 Schoolcraft
Livonia, Michigan 48150
(734) 261-2400

Dated: October 28, 2004

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY M. YOUNG

      Plaintiff,

v.

GREEN OAK TOWNSHIP, a
Michigan Municipal Corporation,

      Defendants.

Civ. No. 02-CV-7189 DT
Hon. Denise Page Hood
Magistrate Komives

_____/

**PETER J. OSETEK (P29994)**
Osetek & Associates, P.C.
412 East Huron St.
Ann Arbor, MI  48104
(734) 769-4500

**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**
By:   **GREGORY ULRICH** (P 27732)
      **GREGORY A. ROBERTS** (P 33984)
Attorneys for **Defendants**
33900 Schoolcraft
Livonia, Michigan 48150
(734) 261-2400

_____/

**FILED**

OCT 2 8 2004

CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

## PROOF OF SERVICE

      The undersigned certifies that a copy of the foregoing document was served upon all the parties in the above cause by serving same to them at their respective addresses as disclosed by the pleadings of record herein on the **28th** day of **October, 2004,** by U.S. Mail.

Laura Gavlas



## SCHEDULE OF PROCEEDINGS

1. LARRY YOUNG v GREEN OAK TOWNSHIP
   95-14387     Livingston County Circuit Court
   Hon. D. Burres - Filed 6/28/95
   Michigan Court of Appeals No. 198019
   Decided:  3/13/98

2. LARRY YOUNG v GREEN OAK TOWNSHIP & ROBERT BROOKINS
   98-16647 NZ Livingston County Circuit Court
   Hon. D. Burres - Filed 5/14/98
   Michigan Court of Appeals No. 215922
   Dismissed for failure to prosecute 8/9/99

3. LARRY YOUNG v GREEN OAK TOWNSHIP & CHIEF OF POLICE
   99CV73470 DT     USDC-ED
   Hon. Feikens - Filed 7/13/99
   Veterans Preference Act Hearings
   7/31/02 - 8/14/02

4. STATE OF MICHIGAN DEPARTMENT OF CONSUMER & INDUSTRY
   SERVICES BOARD OF MAGISTRATES HEARINGS
   1995 - On information and belief
   August 23, 2001/September 4, 2001/Proofs
   Closed October 2, 2001
   Opinion/Order to Stop Benefits    10/29/01

5. 1st EEOC COMPLAINT     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
   Filed: 1994

   2nd EEOC COMPLAINT     230-A1-1476
   Filed: 5/2/01

   RIGHT TO SUE LETTER   2/11/02

6. LARRY YOUNG v GREEN OAK TOWNSHIP
   02CV71891DT     USDC
   Filed 5/13/02
   COUNT I - Americans with Disability Act Violations
   COUNT II- Persons with Disabilities Civil Rights Act/Elliott-Larsen
           Civil Rights Act
   This action was never served on Defendant, Green Oak Township

7. LARRY YOUNG v GREEN OAK TOWNSHIP
   02 CV 71891 DT    USDC
   Amended Complaint Filed 2/19/03

## STATE OF MICHIGAN
### DEPARTMENT OF CONSUMER & INDUSTRY SERVICES
### BOARD OF MAGISTRATES

**LARRY YOUNG,**
SSN: 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,

      Plaintiff,

   vs.

**GREEN OAK TOWNSHIP - LIVINGSTON COUNTY,**
   and **ACCIDENT FUND COMPANY,**
   **SELF-INSURED,**

      Defendants.

_____/

### DECISION

**APPEARANCES:**

    D. Louis Weir, (P33652), for plaintiff.
    Mary Anne MacKenzie, (P40162), for defendants.

**TRIAL DATES:**

    August 23, 2001 and September 4, 2001 with proofs closed October 2, 2001.

**STATEMENT OF THE CLAIM:**

    This matter is before me on a petition to stop submitted by Defendant Accident Fund Company, the insurance carrier paying this claim on an open award granted by Magistrate Paula Olivarez October 6, 1994. Defendant alleges that plaintiff, Larry Young, was no longer disabled as

Young
EXHIBIT NO. 1
9-28-04

the result of the previously found injury, a herniated disc sustained at work on August 26, 1992 for which has and continues to receive benefits. They offered the March 15 and April 12, 2000 medical reports of Dale V. Hoekstra, M.D., in support of their contention.

Plaintiff denies recovery and contends he has a continuing disability as identified by his treating physician Jon M. Wardner, M.D.

This matter came to trial on August 23, 2001. No stipulations were taken other than to acknowledge those entered on the original trial date. Plaintiff was being paid weekly benefits under order and defendant alleges that plaintiff is no longer disabled as a result of the work injury found by the magistrate in 1994.

## ISSUES TO BE DECIDED:

Defendant has the burden of proof to establish plaintiff has recovered sufficiently to return to the work he was doing at the time of the work related injury or that he no longer suffers wage loss as a result of that injury. They argue their petition to stop should be granted because the work injury has healed and if there continues to be limitations they are due to age related changes and not the August 26, 1992 work injury.

## MEDICAL TESTIMONY:

The medical testimony offered includes the depositions of both Dr. Hoekstra and Dr. Wardner. It establishes, rather conclusively, the herniated disc that was the basis of the original findings of Magistrate Olivarez, has dissolved or otherwise disappeared. Dr. Hoekstra ordered an MRI that was performed on March 1, 2000 and an EMG study. Dr. Wardner when confronted with the MRI agreed the disc herniation had resolved.

Both doctors identified a degenerative condition that may be the source of the pain or discomfort plaintiff alleges to experience and both acknowledge it is an age related condition. (See Hoekstra at page 25 and Wardner at pages 23-25).

## DISCUSSION:

Also supporting defendant's claim the work related back problem has essentially resolved are plaintiff's testimony he felt he could go back to work and perform substantially all of the routine duties of a police officer the only exception being some trepidation involving situations that might involve physical confrontation. He also testified this had occurred maybe twice in the 15 years he had on the force prior to the injury. It should also be noted defendant presented extensive

2

Larry Young (269 50 0734)   vs   Green Oak Township

videotaping of plaintiff engaged in rather strenuous activity doing yard work.

A great deal of the trial testimony revolved around plaintiff's status with the police department and his working relationship with his supervisor the police chief and his being allowed to do some mediation work and still retain his status as a member of the police force. I found much of this not relevant except as it pertained to negotiating a settlement. In any case, the fundamental issue of continued work related disability is clear.

## FINDINGS:

I find defendant has established by a preponderance of the evidence that plaintiff no longer suffers a work related disability and that any problems he currently suffers are the result of a degenerative condition not related to the work he was doing at the time of his injury. Defendant's petition to stop payment of benefits is granted.

**WORKERS' COMPENSATION BOARD OF MAGISTRATES**

**JAMES M. BRAKORA, MAGISTRATE  (184)**

Signed this 15th day of October 2001 at Ann Arbor, Michigan
JMB

3



# Larry M Young

8027 Hamburg Rd,
Brighton, Michigan 48116

Home Phone 810-231-3943

May 02, 2001

Chief Robert Brookins
8965 Fieldcrest
Brighton, Mi. 48116

Dear Chief,

     I would like to renew my prior request for accommodations under the A.D.A. I am therefore, requesting accommodations, under the Americans with Disabilities Act, and Green Oak Township resolution 1-93, in the form of authorization to carry an electric stun gun, and assignment of duties cognizant of limitations of unnecessary repetitive lifting over 35lbs, repetitive bending and twisting actions, and lateral assignment of duties recognized primarily as preventative rather than aggressive duty assignments.

     With these accommodations, I feel I shall be able to return to duty no later than June 1, 2001, and that this shall grant sufficient time for discussions, and approvals, if necessary of the full body of the township board.

Thank You,

Larry M. Young

cc: Supervisor Mark StCharles, M.A.P. Ron Palmquist

GREEN OAK TOWNSHIP
OFFICE OF CLERK

2001 MAY -4 PM 3: 25

RECEIVED

Young
EXHIBIT NO. 2
9-28-04 Amc

**EXHIBIT**

2





# Green Oak Township



10001 SILVER LAKE ROAD • BRIGHTON, MICHIGAN 48116
810-231-1333 • FAX 810-231-5080

June 4, 2002

Mr. Larry Young
8027 Hamburg Road
Brighton, Michigan 48116-9153

Dear Mr. Young:

In accordance with §2 of the Michigan Veterans Preference Act (MCL §35.401 *et seq.*), a hearing will be held before the Green Oak Township Board of Trustees at which time the Board will consider whether or not you should be removed (terminated) as an employee of the Green Oak Township Police Department on the basis that you are unable to perform the essential functions of a Green Oak Township Police Officer, with or without an accommodation, and that the conditions upon which you have requested to return to work (as set forth in a May 2, 2001 letter to Police Chief Robert Brookins) would pose an undue hardship on the Green Oak Township Police Department. A copy of the Act is enclosed with this letter.

The hearing is scheduled for 6:00 PM on Wednesday, June 19, 2002 at the Township Hall, 10001 Silver Lake Rd., Brighton, Michigan 48116. At the hearing, you are entitled to be represented by counsel and to defend yourself against the charges.

At the hearing, the Township will proceed first. You will have the right to cross-examine any witness called by the Township. Further, you will have the right to call witnesses upon your behalf, as well as to introduce any other evidence in your defense.

Pursuant to §8(a) of the Michigan Opens Meeting Act (MCL §15.261 *et seq.*), you have the right at any time to request that the hearing be closed to the public. Unless so requested, the hearing will be open to the public.

If you have any questions regarding the hearing, please contact me at (810) 231-1333. If you are represented by counsel, your attorney can contact Green Oak Township's employment attorney Melvin. J. Muskovitz at Pear Sperling Eggan & Muskovitz, P.C., 24 Frank Lloyd Wright Dr., Ann Arbor, MI. 48105, (734) 665-4441.

Sincerely,

*Michael H. Sedlak*

Michael H. Sedlak
Township Clerk

Enclosures
cc Ron Palmquist, MAP

EXHIBIT NO. 8
Young
9-28-04 Amc

**ATTACHMENT A**



# Larry M. Young

8027 Hamburg Rd.
Brighton, Michigan 43116-9153

Home Phone 810-231-3945

June 07, 2002

Green Oak Twp Police Dept.
Chief Robert Brookins
8965 Fieldcrest Rd.
Brighton, Mi. 48116

Dear Chief,

     Please accept this letter as a renewed request for accommodations under the Americans with Disabilities Act and Green Oak Township Resolution 1-93.
     On 6-5-2002, I received information that the position of follow-up investigator was presently vacant. Since I have previously met all of the qualifications for this position I would at this time request assignment to that position as an accommodation for my partial disability.

                                        Sincerely,

                                        Larry M. Young

cc: M.A.P. Palmquist, Twp Board

GREEN OAK TOWNSHIP
OFFICE OF CLERK

2002 JUN 10  AM 8:52

RECEIVED

EXHIBIT
3



Page 1

1

2

3

4                    VETERANS PREFERENCE ACT

5

6          HEARING BEFORE GREEN OAK TOWNSHIP BOARD

7

8               RE:   L A R R Y   Y O U N G

9

10

11

12     ------------------------------/

13

14   DATE:       Wednesday, July 31, 2002

15   TIME:       7:00 p.m.

16   LOCATION:   Green Oak Township Hall

17               101 Silver Lake Road

18               Brighton, Michigan

19   REPORTER:   Regina Tina Krzesicki, CSR

20

21

22

23

24

25

```
 1    APPEARANCES
 2    PEAR, SPERLING, EGGAN, MUSKOVITZ
 3         By:  Mr. Melvin J. Muskovitz
 4         24 Frank Lloyd Wright Drive.
 5         Ann Arbor, MI 48105
 6         (734) 665-4441
 7              Appearing on behalf of
 8              Chief Robert Brookins
 9
10    OSETEK & ASSOCIATES
11         By:  Mr. Peter Osetek
12         412 E. Huron
13         Ann Arbor, MI 48104
14         (734) 769-4500
15              Appearing on behalf of Larry Young.
16
17    Also present:  Mr. Thomas Connelly,
18    Mr. Larry Young, Mr. Chief Robert Brookins,
19    Sergeant Ronald Crowe.
20
21    Board:  Mr. Rollin F. Green, Township Trustee;
22    Michael  H. Sedlak, Township Clerk; Mark A.
23    St. Charles, Supervisor; William L. Desmond,
24    Treasurer; Rick Seymour, Township Trustee;
25    William M. Palmer, Township Trustee.
```

Page 3

```
 1                        I N D E X

 2    WITNESS                                              PAGE

 3

 4    Chief Robert Brookins

 5

 6    Examination by Mr. Muskovitz                          22

 7    Voire Dire by Mr. Osetek                              39

 8    Examination by Mr. Osetek                             66

 9    Further Examination by Mr. Muskovitz                  93

10    Further Examination by Mr. Osetek                    100

11

12                       E X H I B I T S

13    NUMBER                IDENTIFICATION                 PAGE

14    Ex. 1     Young vs. Green Oak Decision, 4-page        24

15    Ex. 2     5-02-01 Letter from Mr. Young               25

16    Ex. 3     6-07-02 Letter from Mr. Young               25

17    Ex. 4     MCLA, Chapter 28, Law Enforcement

18              Standards Act, 24 pages                     26

19    Ex. 5     5-21-96 Letter Mr. Kramp, Chief             28

20    Ex. 6     5-21-96 Letter from Chief Brookins          29

21    Ex. 7     Officer Recertification, 12 pages           31

22    Ex. 8     Michigan Commission on Law Enforcement

23              Standards, 3 pages                          39

24

25
```

1

2

3      Exhibits (Continuing):

4

5

6                          E X H I B I T S

7

| NUMBER | IDENTIFICATION | PAGE |
|--------|----------------|------|
| Ex. 9 | Handgun Course, 3 pages | 42 |
| Ex. 10 | State of Michigan Court of Appeals, | |
| | 4 pages | 59 |
| Ex. 11 | MCOLES Rule 28.4158 | 64 |
| Ex. 12 | Township Resolution 1-93 | 79 |
| Ex. 13 | Senate Bill No. 809 | 88 |
| Ex. 14 | Unapproved Minutes of Board, 3-19-97 | 90 |
| Ex. 15 | MCOLES Rule 28.4101, Sub-Rule 1G | 95 |

17

18

19

20

21

22

23

24

25

```
 1                          Brighton, Michigan
 2                          Wednesday, July 31, 2002
 3                          7:00 p.m.
 4                  *      *      *
 5          MR. ST. CHARLES:   At this time we will
 6   call the special meeting to order.
 7          I ask that everyone join in the Pledge of
 8   Allegiance to the flag.
 9          (Pledge of Allegiance recited by all).
10          MR. ST. CHARLES:   Have a roll of the
11   Board.
12          MR. SEDLAK:   Mr. Berg is not here.
13          Mr. Green?
14          MR. GREEN:   Here.
15          MR. SEDLAK:   Sedlak here.
16          Mr. Desmond?
17          MR. DESMOND:   Here.
18          MR. SEDLAK:   Mr. Seymour?
19          MR. SEYMOUR:   Here.
20          MR. SEDLAK:   And Mr. Palmer?
21          MR. PALMER:   Here.
22          MR. ST. CHARLES:   And Mr. St. Charles
23   here.
24          MR. SEDLAK:   Almost forgot.
25          MR. ST. CHARLES:   We have a quorum.
```

Page 6

1           The next item is the approval of the
2    agenda.
3           A motion to approve the agenda as
4    presented.
5           MR. SEYMOUR:   Make a motion to approve
6    the agenda as presented.
7           MR. SEDLAK:   Support.
8           MR. ST. CHARLES:   We have a motion to
9    support.
10          All in favor of the motion say aye.
11          BOARD:  Aye.
12          MR. ST. CHARLES:   Those opposed.
13          BOARD:  No response.
14          MR. ST. CHARLES:   Motion carries.
15          The purpose of tonight's meeting is a
16   hearing for Mr. Larry Young.
17          And at this point, Mel, we turn it over
18   to you.
19          MR. MUSKOVITZ:   Melvin Muskovitz
20   appearing on behalf of the Chief of Police,
21   Robert Brookins.
22          As you know by the notice that went out
23   to Mr. Young, this is a hearing under the Veterans
24   Preference Act.
25          I want to make a brief opening statement,

1    and according to letter the Township will present

2    its case first.

3              And I will call Chief Brookins as a

4    witness.

5              By way of brief background, this hearing

6    involves Larry Young who was hired as a police

7    officer in 1981 at Green Oak Township.

8              In and around August of 1992, Mr. Young

9    had an on-the-job-injury.  For the duration of 1992

10   he worked in a light-duty capacity.

11             Then beginning in and around December of

12   1992 through October of 2001, he was receiving

13   Workers' Compensation benefits.  During that time

14   he did not perform any services for the

15   department.

16             In October 1991, there was a hearing,

17   actually I think a series of hearings before the

18   Workers' Comp. Bureau and a decision was issued by

19   the Workers' Comp. discontinuing Mr. Young's

20   benefits.  The finding was his back-related

21   problems were the result of a degenerative

22   condition and not related to his work.  And

23   therefore, the Bureau found he was not entitled to

24   Workers' Comp. benefits.

25             In May of that year, 2001, prior to the

1    decision of the Bureau, Mr. Young requested he be

2    allowed to return to work with certain job

3    limitations.  Those limitations were assignment to

4    duties which would not involve repetitive lifting

5    over 35 pounds, and would not involve repetitive

6    bending and twisting actions.  Also, he requested

7    assignments which would be preventative rather than

8    aggressive in nature.  Finally, he asked for

9    authority to carry an electric stun gun.

10          Mr. Young's request to return has not

11   been granted.  It is the position of the police

12   chief that his request be denied and his employment

13   be terminated.

14          Prior to working for the Township in

15   other positions outside the township, Mr. Young

16   served for three years in the U.S. Navy from 1967

17   through 1970.  As a result, he was a Veteran

18   serving during a period of war and he is accorded

19   certain rights under the Michigan Veterans

20   Preference Act.

21          Under the Act, Mr. Young cannot be

22   terminated without a hearing before the governing

23   body.  And in this case, that would be the township

24   Board.

25          As required by statue, Mr. Young was

1    notified a hearing would be held before the Board

2    to consider if he should be terminated because he

3    could not perform the essential functions of a

4    police officer, with or without accommodations.

5           There is some question if the

6    circumstances of the termination are covered under

7    the Veterans Preference Act because the act seemed

8    to apply primarily to issues of misconduct.

9           Nevertheless, without addressing this

10   issue, the Township has provided him with this

11   hearing.

12          Before addressing his inability to

13   perform as police officer, I want to touch on

14   Mr. Young's standing as a police officer.

15          To be employed as a fully functioning

16   police officer for a police agency in the State of

17   Michigan, an officer has to be certified by a

18   commission referred to as MCOLES, or Michigan

19   Commission on Law Enforcement Standards.

20          Due to the length of time he has been off

21   of work and not performing any work for

22   compensation, Mr. Young is no longer a certified

23   police officer.  Therefore, at this time he is not

24   eligible to be reemployed.

25          Further, in addition to requiring