UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY M. YOUNG,

    Plaintiff,

                                            Case No. 02-CV-71891-DT

v.

                                            HONORABLE DENISE PAGE HOOD

TOWNSHIP OF GREEN OAK,

    Defendant.

                                              /

**MEMORANDUM OPINION AND ORDER
AND
ORDER TO SHOW CAUSE**

## I.    BACKGROUND/FACTS

Plaintiff Larry M. Young filed the instant suit against Defendant Green Oak Township on May 13, 2002. The First Amended Complaint alleges: Violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12117 (Count I); Violation of the Persons with Disabilities Civil Rights Act ("PWDCRA"), M.C.L. § 37,1101 *et seq.* (Count II); Employment Discrimination, 42 U.S.C. § 1983 (Count III); Procedural Due Process, 42 U.S.C. § 1983 (Count IV); Retaliatory Discharge, 42 U.S.C. § 1983 (Count V); and, Michigan Whistleblowers Protection Act, M.C.L. § 15.361 *et seq.* (Count VI).[1]

---

[1] Plaintiff's Complaint and Cover Sheet in this case do not indicate there is a related case or previously discontinued or dismissed case. For the first time in Defendant's Motion for Summary Judgment, Defendant claims there were prior cases with similar facts before the state courts and one before the Honorable John Feikens in this Court, Case No. 99-CV-73470-DT. Local Rule 83.11(b)(7)(B) provides that counsel is responsible for bringing such cases to the attention of the court by responding to the questions included on the civil cover sheet. Plaintiff's response to the questions were "no." The facts alleged in the Complaint go as far back as 1992. It was incumbent on Plaintiff's counsel to bring the case to the attention of this Court when the Complaint was filed, and, at any time thereafter, by either party, including the Scheduling Conference held on April 19, 2004. The judges, not the parties, make the determination whether

Plaintiff was employed by Defendant as a Police Officer from 1978 until January 8, 2003. Plaintiff suffered a work related injury in 1992. Plaintiff claims in December 1992, the Chief of the Police Department told Plaintiff not to use his sick or vacation time but to apply for Workers Compensation which was approved. Plaintiff was released to return to light duty by his physician in April 1993, with restrictions. Plaintiff claims Defendant refused to permit Plaintiff to work in a light duty capacity. Benefits ceased under Workers Compensation in September 1993. In October 1993, Plaintiff sought to be paid for work he performed in court proceedings and was notified that he was suspended from active duty. Plaintiff again began receiving Workers Compensation benefits in 1994. In 2001, Plaintiff was informed by the Workers Compensation carrier, the Accident Insurance Provider, that it was going to challenge the continuation of benefits. The Workers Compensation Board of Magistrates issued an Order on October 15, 2001 granting the insurer's request, finding that Plaintiff no longer suffered a work related disability and that any problems Plaintiff currently suffers are the result of a degenerative condition not related to the work he was doing at the time of the injury. (Ex. B, Defendant's Br.)

In May 2001 and June 2002, Plaintiff renewed his request with Defendant that he be permitted to resume active duty with accommodations to address his work related disability. The Green Oak Township Board held a hearing pursuant to the Michigan's Veterans Preference Act, M.C.L. § 35.401. In an Opinion dated January 8, 2003, the Board found Plaintiff physically incompetent to return to full time police duties with the Township and terminated Plaintiff's

---

such cases are companion and whether the matter should be reassigned to the judge with the lower case number. Because so much time has lapsed, the Court will address the merits of this motion, and will issue an Order to Show Cause why Plaintiff's counsel should not be held in contempt for violating Local Rule 83.11(b)(7).

employment with the Township. (Ex. G, Defendant's Br.)

Defendant filed a motion for summary judgment. A response was filed by Plaintiff. The parties also filed supplemental briefs.

## II.   ANALYSIS

### A.   Standard of Review

Rule 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of the plaintiff's Complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). In evaluating the propriety of dismissal under Rule 12(b)(6), the factual allegations in the Complaint must be treated as true. *Janan v. Trammell*, 785 F.2d 557, 558 (6th Cir. 1986). If matters outside the pleading are presented in a Rule 12(b)(6) motion, the motion shall be treated as one for summary judgment under Rule 56(b) and disposed of as provided in Rule 56.

Rule 56(c) provides that summary judgment should be entered only where "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

    **B.**    **Res Judicata**

        **1.**    **Elements**

Defendant claims *res judicata* applies in this case based upon the various decisions issued by the State Courts involving Plaintiff. In response, Plaintiff claims *res judicata* does not apply because none of his previous cases involved his 2001 Charge of Discrimination and the Veteran's Preference Act violations and that his wrongful termination and Whistleblowers claims arose since the filing of his earlier actions, post-2000. (Plaintiff's Resp., p. 6)

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that federal courts give the same preclusive effect to a state court judgment that a court of the state in which the judgment was rendered would accord the judgment. *See Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1 (1984); *Heyliger v. State Univ. and Community College Sys. Of Tenn.,* 126 F.3d 849, 851 (6th Cir. 1997). A federal court looks to the law of the state where the judgment was issued to determine the extent of the preclusive effect of the prior state court judgment. *Heyliger,* 126 F.3d at 851-52. The Sixth Circuit has noted "the perennial confusion over the vocabulary and concepts of the law of preclusion. *Id.* at 852. The Supreme Court has instructed that:

> the preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of "res judicata." Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

*Migra.,* 465 U.S. at 77 n. 1.  Michigan law requires a court to apply claim preclusion if:  1) there was a prior and final decision on the merits; 2) the parties in both lawsuits are the same; and 3) the matter in the second case was, or could have been, resolved in the first lawsuit. *Reid v. Thetford Twp.,* 377 F. Supp. 2d 621, 624-25 (E.D. Mich. 2005); *Adair v. State,* 470 Mich. 105, 121, 680 N.W.2d 386 (Mich.2004).  Once the three elements are met, claim preclusion can operate in two ways.  It will bar "not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Sewell v. Clean Cut Mgmt., Inc.,* 463 Mich. 569, 575 (2001).  The Court addresses the three elements below.

### 2.    Prior Final Decision on the Merits

The parties agree that there have been prior actions between the parties. The first case was filed on July 3, 1995 with the Livingston County Circuit Court alleging: failure to promote in violation of the Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L.A. 37.2102 *et seq.* and the Michigan Handicapper's Civil Rights Act ("MHCRA") (now known as the PWDCRA), M.C.L.A. 37.1101 *et seq.* (Count I); retaliation under ELCRA (Count II); retaliation for filing a Workers Compensation claim (Count III); and discrimination based on Plaintiff's age and disability in

violation of ELCRA and MHCRA (Count IV). The trial court granted Defendant's Motion for Summary Disposition as to Counts I and IV. The parties agreed to a contingent settlement agreement, wherein Plaintiff was allowed to appeal the ruling on Counts I and IV involving the MHCRA. The Michigan Court of Appeals issued an opinion on March 13, 1998, affirming the trial court's dismissal of Plaintiff's claims under the MHCRA. (Ex. L, Defendant's Br.) The Court of Appeals cited *Sanchez v. Lagoudakis (On Remand),* 217 Mich. App. 535, 539 (1996), which set forth the factors to establish a *prima facie* case of discrimination under the MHCRA: 1) the plaintiff is "handicapped" as defined by the act; 2) the handicap is unrelated to plaintiff's ability to perform the duties of the job; and 3) the plaintiff has been discriminated against in one of the ways set forth in the statute. The Court of Appeals found that Plaintiff did not create a genuine issue of material fact that his disability was not related to his ability to perform the duties of a particular position. (Ex. L, Defendant's Br., p. 3) The Court of Appeals noted that Plaintiff admitted that he had been adjudicated permanently, partially disabled due to his injury and cannot perform all of the normal duties of a full-time patrol officer. (Ex. L, Defendant's Br., p. 3). Because Plaintiff could not show that his disability was not related to his position, the Court of Appeals affirmed the trial court's order granting summary disposition on this issue. (*Id.*)

On June 5, 1998, Plaintiff filed a second case against Defendant Green Oak Township and its Police Chief with the Livingston County Circuit Court claiming: 1) breach of contract (Count I); 2) Failure to Accommodate, in violation of the ELCRA and MHCRA (Count II); 3) Handicap Discrimination, in violation of ELCRA and MHCRA (Count III); 4) Intentional Infliction of Emotional Distress/Continual Harassment (Count IV); 4) Hostile Work Environment (Count V); and Conspiracy to Deprive Civil Rights (Count VI). The defendants filed a Motion for Accelerated

Judgment/Summary Disposition, which was heard and granted on September 17, 1998. The trial court entered an Order on November 6, 1998, dismissing the case. (Exs. M and N, Defendant's Br.) Plaintiff filed an appeal from this Order which was dismissed by the Michigan Court of Appeals on August 9, 1999 for lack of prosecution.

The third cause of action was filed with this District which was assigned to the Honorable John Feikens on July 13, 1999, alleging: a violation of 42 U.S.C. § 1983 of Plaintiff's First Amendment rights (Count I); violation of rules and regulation of the Law Enforcement Administration Act (Count II); and, Hostile Work Environment (Count III). (Ex. H, Defendant's Br.) The parties reached a settlement agreement and the action was dismissed pursuant to a stipulation for dismissal on January 28, 2000.

Based on the above-cited causes of action, Defendant has met the first element to establish *res judicata*–that a final decision has been reached on the merits by a court of competent jurisdiction as to the first and second cases filed before the Livingston County Circuit Court. However, the case before Judge Feikens in this District was dismissed pursuant to a settlement agreement and no ruling on the merits was issued by Judge Feikens. Defendant cannot use the case before Judge Feikens in its *res judicata* defense.

### 3. Same Parties

There is no dispute that the instant lawsuit involves the same parties as in the previous three cases. Defendant has met the second element of the *res judicata* defense.

### 4. Matters Were or Could Have Been Resolved in First Lawsuit

#### a. ADA and PWDCRA Claims

Defendant argues that Plaintiff's claims in the instant action are identical to those in the prior

7

cases. The issue of whether Plaintiff was discriminated against under the ADA and the PWDCRA was resolved in the previous lawsuits. Defendant claims Plaintiff has no new medical evidence since 1991 to suggest that he can do the entire list of duties required as a police officer.

In response, Plaintiff argues that none of the Plaintiff's current causes of action have been heard in any prior litigation because they did not arise until after all of those actions were filed. Plaintiff claims that he was employed by Defendant until he asked in 2001 and 2002 to return to work with an accommodation. It was only after a Veteran's Preference Hearing was held and Plaintiff was terminated from Defendant's employ that his claims under the ADA and the PWDCRA arose for terminating Plaintiff and failure to accommodate Plaintiff's disability.

The instant case is similar to a case addressed by the Sixth Circuit in an unpublished decision, *Yinger v. City of Dearborn,* 132 F.3d 35, 1997 WL 735323 (6th Cir. Nov. 18, 1997). The Sixth Circuit relied on Michigan's *res judicata* doctrine to preclude the plaintiff's claims based on constructive discharge, violations under the ADA, the MHCRA, the Due Process and Equal Protection Clauses of the United States Constitution. *Id.,* 1997 WL 735323, *4.

In *Yinger,* the plaintiff police officer was placed on indefinite medical leave without pay in 1993. The plaintiff filed suit in federal court against the defendants City and Chief of Police in 1993, alleging the forced medical leave violated his First Amendment rights, his right to Due Process and the Michigan Constitution, and that these actions constituted a wrongful discharge. The suit was dismissed in December 1993 and affirmed by the Sixth Circuit Court of Appeals in September 1995.

The plaintiff filed a second lawsuit in Wayne County Circuit Court in March 1994, after the City declined to return plaintiff to the police force after a third evaluation, alleging Due Process

8

rights violations and breach of contract. The trial court dismissed Plaintiff's complaint and the plaintiff appealed the dismissal of the breach of contract claim. The Michigan Court of Appeals affirmed the lower court's ruling on the ground that plaintiff could not maintain his suit because he had neglected to exhaust his administrative remedies before filing his complaint. *Id.* at *2.

The plaintiff filed an unfair labor practice charge against the union and an administrative law judge issued an opinion in 1994, finding that the union did not breach its fair representation duty. The Michigan Employment Relations Commission affirmed the judge's decision. No appeal was taken from this ruling.

In March 1995, plaintiff applied for a duty disability pension, which was granted on a non-duty based pension. Plaintiff subsequently sought to convert the non-duty disability pension into a duty disability pension. The pension board requested additional information but the plaintiff never produced the requested evidence. In November 1995, the plaintiff filed a third lawsuit in federal district court. The district court granted defendants' motion to dismiss, ruling that the ADA and the MHCRA claims were barred by *res judicata* and that the alleged discriminatory act was the decision not to return plaintiff to work. *Id.* at *3.

On appeal, the Sixth Circuit found that at the heart of plaintiff's claims in each lawsuit was the defendants' determination that plaintiff suffered from a condition that rendered him unfit to serve as a police officer. *Id.* at *4. Plaintiff introduced no new evidence that he was fit for duty and that each time the plaintiff filed a lawsuit, the defendant's position was that they had not changed their position about returning plaintiff to work. *Id.* The Sixth Circuit noted that the plaintiff failed to recognize th at "a discrimination claim accrues when the operative decision is made, not when he experiences the consequences of that decision." *Id.* (citing *Chardon v. Fernandez,* 454 U.S. 6, 8-9

9

(1981)). The Sixth Circuit applied the principle of *res judicata* based on the Wayne County Circuit Court's first ruling in the first lawsuit, finding that "[s]ince the operative decision occurred [not to return plaintiff to work] prior to the date on which plaintiff filed the second lawsuit, ..., the principle of res judicata clearly bars plaintiff's claims." *Yinger,* 1997 WL 735323 at *4. "Plaintiff litigated the city's decision not to return him to work in the second lawsuit; res judicata prevents him from taking another 'bite at the apple' under a different theory." *Id.* The Sixth Circuit further found that res judicata similarly barred the plaintiff's remaining claims. "The doctrine not only forbids the parties to relitigate claims that they actually litigated but also bars them from relitigating claims that they could have raised in an earlier action." *Id.* at *5. The Sixth Circuit noted that Michigan has adopted the broad application of res judicata noting that the test for determining whether two claims stem from the same transaction and, for purposes of res judicata, are identical is whether "the same facts or evidence are essential to the maintenance of the two actions." *Id.* at *5 (citing *Jones v. State Farm Auto. Ins. Co.,* 509 N.W.2d 829, 834 (Mich. Ct. App. 1993)). The Sixth Circuit Court concluded that "[s]ince the facts and evidence essential to the maintenance of plaintiff's Wayne County Circuit Court action and the present are identical, and the Pension Board's decision to grant plaintiff a pension did not constitute a new act of discrimination, a plaintiff may not try the disability discrimination and related claims in this Court." *Yinger,* 1997 WL 735323 at *5 (citing *Lever v. Northwestern Univ.,* 979 F.2d 552, 556 (7th Cir. 1992)("An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination.")).

In this case, Defendant refused to return Plaintiff to work after Plaintiff was released to return to work with a light duty restriction in April 1993. Plaintiff litigated this decision beginning in his first lawsuit before the Livingston County Circuit Court in 1995. The trial court dismissed

10

Plaintiff's claim under the MHCRA finding that Plaintiff's disability was related to his ability to perform the duties of a particular position. The Michigan Court of Appeals affirmed the trial court's decision that Plaintiff could not show that his disability was not related to his position. In this case, Plaintiff's claim under the ADA and PWDCRA involves the same claim which has already been litigated. Plaintiff's argument that the Green Oak Township Board's decision in 2002 to terminate Plaintiff created a new cause of action is without merit. It is noted that Plaintiff's Amended Complaint sets forth extensive facts prior to 2001. As the Sixth Circuit ruled in *Yinger,* a discrimination claim accrues when the operative decision is made, not when the plaintiff experiences the consequences of that decision. *Yinger,* 1997 WL 735323 at *4. Like *Yinger*, Defendant in this case has never changed its position from its decision in 1993 that Plaintiff was unable to return to work because his disability related to his duties as a police officer. "An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination." *Yinger,* 1997 WL 735323 at *5 n. 3. The issue of whether Plaintiff is disabled under the ADA and the PWDCRA has been litigated and res judicata bars Plaintiff's claims under both of these statutes. Counts I (ADA) and II (PWDCRA) are dismissed based on res judicata.

### b. Remaining Claims, Counts III-V

Res judicata also bars the remaining claims. The claims in Counts III, 42 U.S.C. § 1983 Employment Discrimination, and IV, 42 U.S.C. § 1983 Procedural Due Process, are based on the Green Oak Township Board's decision to terminate Plaintiff after it held a hearing under the Michigan Veteran's Preference Act. The Board's decision was not a fresh act of discrimination because it was the same decision made by Defendant in 1993 not to return Plaintiff to work. Defendant never changed its decision since 1993 that Plaintiff could not return to work. It is noted

that Plaintiff's first complaint in 1995 alleges he was "constructively discharged" from his employment with Defendant. (Exhibit I, 1995 Complaint, ¶ 36, Defendant's Br.) As early as 1995, Plaintiff considered himself "discharged" by Defendant.

Count V, Retaliatory Discharge under 42 U.S.C. § 1983, is also barred by res judicata. Plaintiff could have brought this claim as early as his first lawsuit, in light of his allegation in the First Amended Complaint that, "[b]eginning in 1992 defendant, its agents and employees began to retaliate against plaintiff for engaging in constitutionally protected speech." (First Amended Complaint, ¶ 79)

For the same reasons, Count VI, Michigan Whistleblowers Protection Act, is also barred by res judicata. The First Amended Complaint alleges, "[b]eginning in 1992, plaintiff began to contact Township, County and State officials regarding falsification or omissions of factual information relating to a police report in which a firearm was discharged," that plaintiff filed a written report with the police chief in August 1992, and the Plaintiff contacted the Township trustee in January 1993 regarding an investigation into the omitted shooting incident. (First Amended Complaint, ¶¶ 83-85) Plaintiff's first lawsuit was filed in 1995. It is noted that although these allegations were not contained in Plaintiff's 1995 complaint, Plaintiff was able to allege two claims of retaliation in the 1995 complaint based on the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission and for Workers' Compensation claim. (Ex. I, 1995 Complaint, Counts II and III, Defendant's Br.) Plaintiff recognized in 1995 that he could file a retaliation claim.

Based on Michigan's broad application of the res judicata doctrine, which not only forbids the parties to relitigate claims that they actually litigated but also bars them from relitigating claims that they could have raised in an earlier action, Plaintiff's claims in Counts III, IV and V are barred

by res judicata. *Yinger,* 1997 WL 735323 at *5.

### III. CONCLUSION

The Court finds that Plaintiff's Complaint is barred by the doctrine of res judicata.

Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment **(Docket No. 19, filed October 28, 2004)** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's counsel show cause, in writing, by **Friday, October 7, 2005,** why he should not be held in contempt for violating Local Rule 83.11(b)(7).

IT IS FURTHER ORDERED that this matter is DISMISSED with prejudice.


    /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: September 28, 2005