UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LARRY M. YOUNG,**

        **Plaintiff,**

v.                                            **CASE NO. 02-71891**
                                              **HONORABLE DENISE PAGE HOOD**

**GREEN OAK TOWNSHIP, a**
**Michigan Municipal Corporation,**

        **Defendant.**

_____/

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

This matter comes before the Court on Plaintiff, Larry M. Young's Motion for Relief from Judgment **[Docket No. 34, filed March 25, 2008]**. Plaintiff brings this motion based on Federal Rules of Civil Procedure 60(b)(1), (5) and (6).

Plaintiff began working for Defendant, Green Oak Township, as a police officer in 1976. In1992, Plaintiff suffered a back injury during a training exercise. In December of 1992, Plaintiff stopped working and submitted an application for worker's compensation benefits. In April of 1993, after Plaintiff's physician gave him a letter releasing him to return to work, Defendant did not allow Plaintiff to return.

In May 2002, Plaintiff filed a Complaint in this Court against Green Oak Township, **[Docket No. 1, filed May 13, 2002]** alleging violations of: §107(a) the American with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964; Persons with Disabilities Civil Rights Act (PWDCRA); Michigan's Elliott-Larsen Civil Rights Act (ELCRA); the Fifth Amendment's Due

Process Clause; the common law of the State of Michigan.

In October 2004, Defendant filed a Motion for Summary Judgment **[Docket No. 19, filed October, 28, 2004]** which was granted September 28, 2005 **[Docket No. 25]**. On appeal, the Sixth Circuit Court of Appeals affirmed this Court's judgment on December 28, 2006. Plaintiff's motion for rehearing was denied by the Court of Appeals on March 22, 2007 and on March 25, 2008, Plaintiff filed this motion **[Docket No. 34]**.

## II.   ANALYSIS

### A.   Standard of Review

Federal Rule of Civil Procedure 60(b) states in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment or prior judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or . . . (6) any other reason justifying relief from operation of the judgment.

Fed. R. Civ. P. 60(b)(1), (5) and (6).

### B.   Timeliness

Defendant first argues that Plaintiff's Motion for Relief from Judgment is untimely. The Court agrees. Rule 60(c) states**:**

> (1) Timing. A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(c)(1). In regard to Plaintiff's motion as it relates to Rule 60(b)(1), it is untimely as it was filed well beyond the one year time limit imposed by Rule 60(c). This Court entered final judgment on September 28, 2005. Plaintiff did not file the present Motion for Relief from Judgment until March 25, 2008. To the extent Plaintiff argues that his appeal to the Sixth Circuit Court of

Appeals tolled the time limit of Rule 60(c), such an argument is without merit. *See Lawrence v. Berry*, No. 06-cv-134, 2008 U.S. Dist. LEXIS 44435, *11) (collecting case law and other authority) (finding that the plaintiff's argument that the pendency of appeal extends the one-year time limit to be unsupported by any authority); *see also, McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 383 (6th Cir. 1991) (holding that the district court's reasons for granting the Rule 60(b) motion were not proper because the fact that the plaintiff was pursuing an appeal did not prevent him from filing the motion within the one year time limit).

With regard to Plaintiff's reliance on Rule 60(b)(5) and (6), the Court concludes that Plaintiff did not file the present motion 'within a reasonable time.' In order to meet the reasonable time condition of the rule, Plaintiff must demonstrate due diligence in seeking the requested relief. *See Marbly v. City of Southfield*, No. 01-1083, 2001 U.S. App. LEXIS 18599, *4 (6th Cir. 2001). Plaintiff's motion rests upon the Sixth Circuit's decision in *Rawe v. Liberty Mutual* Fire Ins. Co., 462 F. 3d 521 (6th Cir. 2006). Plaintiff argues that *Rawe* overruled *Yinger v. City of Dearborn*, No. 96-2384, 1997 WL 735323 (6th Cir. Nov. 18, 1997), which the Sixth Circuit relied upon in deciding Plaintiff's case on appeal. *Rawe* was decided on September 1, 2006, and Plaintiff's present motion was filed nearly two years later. Even assuming Plaintiff's arguments were meritorious, which they are not as discussed below, such a lengthy delay in bringing this motion cannot be deemed reasonable, and his motion is untimely pursuant to Rule 60(c). The Court notes that even if Plaintiff had timely filed the present motion, he would not be entitled to the relief he seeks under either Rule 60(b)(1), or (b)(5) or (b)(6) as discussed below.

**C.     Rule 60(b)(5)**

Plaintiff first seeks relief from judgment under Fed. R. Civ. P. 60(b)(5). That portion of the rule says that relief is warranted when a prior judgment upon which the present judgment is based has been reversed, or otherwise vacated. Fed.R.Civ.P. 60(b)(5).  Plaintiff argues that he is entitled to relief under Fed.R.Civ.P. 60(b)(5) based on the decision in *Rawe, supra*. In *Rawe*, the Sixth Circuit found that subsequent claims arising after the initiation of a lawsuit were not barred by *res judicata*. *Id*. at 529. Plaintiff contends that in the instant case, the Sixth Circuit Court of Appeals issued its decision after the decision in *Rawe*, but instead of following *Rawe*, it relied on an unpublished decision, *Yinger, supra*. In *Yinger*, the Sixth Circuit Court of Appeals held that *res judicata* barred a former police officer's successive lawsuit for breach of contract and civil rights violations. *Id*. at 38. Plaintiff argues that without specifically mentioning *Yinger,* the decision in *Rawe* overruled *Yinger* and therefore the Sixth Circuit's decision in this case is flawed because the prior judgment upon which it relied has been overruled.

Defendant argues that it is well settled that Rule 60(b)(5) does not permit relief from a judgment on the grounds that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another, unrelated proceeding. *Wogoman v. Abramajtys,* No. 05-2296, 243 Fed. Appx. 885 (6th Cir. June 19, 2007). The Court agrees with Defendant that *Yinger*, assuming *Rawe* overruled or reversed it, is unrelated to this proceeding.

The Court also agrees with Defendant's argument that the judgment in this matter was not based on a prior judgment which was reversed or overruled. Plaintiff is incorrect in his contention that *Rawe* overruled *Yinger*, and that the principles espoused in *Rawe* compel this Court to grant his request for relief from judgment pursuant to Rule 60(b)(5).  First, *Rawe* applied federal *res judicata* principles while the Sixth Circuit in *Yinger* and *Young* applied Michigan's broad doctrine of *res*

*judicata*, which bars every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. *See Rawe*, 462 F. 3d at 528; *Yinger*, 1997 WL 735323 at *4. In *Young*, the Court of Appeals concluded that *res judicata* barred Plaintiff's claims because the alleged acts of discrimination or retaliation arose from the same decision made by the township in 1993 not to return Plaintiff to work. *See Young v. Township of Green Oak*, 471 F. 3d 674, 681 (6th Cir. 2006).

Second, the facts of *Rawe* are distinguishable from both *Yinger* and Plaintiff's cause of action. In *Rawe*, the plaintiff's claims were entirely separate and discrete events from those asserted in her first suit against the same insurer-defendant. *Id.* at 529. As such, the Sixth Circuit found that her claims were not barred by *res judicata* because the acts of the insurer-defendant occurred after the plaintiff had filed her original complaint and arose out of the defendant's "failure to comply with the judgment for $45,000 that resulted from the first lawsuit . . . ." *Id.*. Contrary to Plaintiff's contentions, all of his claims, whether occurring prior to the filing of the lawsuit, or after its initiation, stem from the township's decision to prohibit Plaintiff from returning to work. *Rawe* did not overrule *Yinger*, and in any event, *Rawe* is inapplicable to the facts of this cause of action. Accordingly, Plaintiff is not entitled to relief from judgment on the basis of Rule 60(b)(5).

### D.     Rule 60(b)(1)

In the alternative, Plaintiff seeks relief under Rule 60(b)(1). Under this rule courts have held that relief may be sought from judgments based on mistakes, which emcompass legal errors. *Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir. 1995). Plaintiff argues that in light of the Sixth Circuit's decision in *Rawe*, the conclusion in the instant case was in error and asks this court to correct that error to allow his claims to proceed forward.

5

As this Court discussed in its analysis of Plaintiff's entitlement to relief pursuant to Rule 60(b)(5), no legal errors were committed by this Court or the Court of Appeals. Accordingly, as Plaintiff has failed to show any legal error by the Court, Plaintiff is not entitled to relief from judgment under Rule 60(b)(1).

### E.    60(b)(6)

Finally, Plaintiff seeks, relief from judgment under Rule 60(b)(6) should this Court find he is not entitled to relief pursuant to either Rule 60(b)(5) or (b)(1). A plaintiff seeking relief under this rule must show "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzales v. Crosby,* 545 U.S. 524, 533 (2005). Plaintiff argues that the extraordinary circumstance present here is the Sixth Circuit's *Rawe* decision. Plaintiff contends that *Rawe* changed this circuit's views on the applicability of *res judicata* and collateral estoppel in regard to incidents occurring subsequent to initiation of a plaintiff's original complaint.

This Court finds that Plaintiff has not demonstrated exceptional circumstances warranting relief from judgment pursuant to Rule 60(b)(6). A change in decisional law is usually not, by itself, an extraordinary circumstance meriting relief under 60(b)(6). *See Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001). Instead, courts have relied on applicable change in decisional law coupled with some other special circumstance to find that 60(b)(6) relief is warranted. *Id*. Plaintiff has not shown a change in the decisional law nor any other extraordinary circumstances warranting Rule 60(b)(6) relief. Accordingly, Plaintiff is likewise not entitled to relief from judgment pursuant to Rule 60(b)(6).

### IV.    CONCLUSION

For the reasons stated above,

6

IT IS ORDERED that Plaintiff's Motion for Relief from Judgment **[Docket No. 34, filed March 25, 2008]** is DENIED.

                                               S/Denise Page Hood
                                               Denise Page Hood
                                               United States District Judge

Dated:  March 27, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2009, by electronic and/or ordinary mail.

                                               S/William F. Lewis
                                               Case Manager